Filing # 33620227 E-Filed 10/23/2015 02:38:45 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA.

CASE NO:

**TAYLIN RIOS,**

    Plaintiff,

v.

**CORAL GABLES GLASS & MIRROR CORPORATION,**
a Florida Profit Corporation,
**ANIBAL C. GARCIA**, individually
and **LOURDES GARCIA**, individually

    Defendant(s).

_____/

## COMPLAINT

Plaintiff TAYLIN RIOS (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, CORAL GABLES GLASS & MIRROR CORPORATION a Florida Profit Corporation, ANIBAL C. GARCIA individually, and LOUDES GARCIA individually (hereinafter "Defendants"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff continues to be, a resident of Miami Dade County, Florida.

4. Plaintiff was an employee of Defendant, performing secretary duties in Miami Dade County, Florida.



1

5. Defendant CORAL GABLES GLASS & MIRROR CORPORATION, is a Florida Profit Corporation having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

6. Defendant, ANIBAL C. GARCIA, is a corporate officer of, and exercised operational control over the activities of corporate Defendant CORAL GABLES GLASS & MIRROR CORPORATION.

7. Defendant, LOURDES GARCIA, is a corporate officer of, and exercise operational control over the activities of corporate Defendant CORAL GABLES GLASS & MIRROR CORPORATION.

8. Venue is proper in Miami Dade County because all of the actions complained of herein occurred within the jurisdiction of Miami Dade County.

9. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff was employed by Defendant from on or about October 2014, through on or about February 2, 2015.

11. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion.

12. Plaintiff performed work for Defendants as a non-exempt employee from on or about October 2014, through on or about February 2, 2015.

13. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week, and was paid an hourly wage of $8.50.

2

14. Plaintiff was never paid an overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

15. Plaintiff, during the relevant time period, from on or about October, 2014 through on or about February, 2, 2015, worked approximately five (5) hours of overtime each week for approximately eighteen (18) weeks.

16.

17. Plaintiff worked approximately five (5) overtime hours each week for which he was not paid at one-and-one-half times her regular rate as provided by the FLSA. As such, Plaintiff's overtime rate is $12.75 (1.5 x $8.50) per hour for her approximate five (5) hours of overtime each week.

18. As such, Plaintiff is owed approximately $1,147.05 in **unliquidated** overtime wages ($12.75 overtime rate x 5 hours of overtime each week x 18 weeks) as well as an additional equal amount as liquidated damages, namely totaling $2,295.00 in **liquidated** overtime wages.

## COUNT I
### Wage & Hour Federal Statutory Violation against
### CORAL GABLES GLASS & MIRROR CORPORATION

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

20. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

21. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

22. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state

3

lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

23. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

24. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

25. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

26. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

27. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending

failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Wage & Hour Federal Statutory Violation against*
### *ANIBAL C. GARCIA*

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

29. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, CORAL GABLES GLASS & MIRROR CORPORATION.

30. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted

directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

31. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

32. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
### *Wage & Hour Federal Statutory Violation against*
### *LOURDES GARCIA*

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

34. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, CORAL GABLES GLASS & MIRROR CORPORATION.

35. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

36. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

37. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

F. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

G. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

H. Award Plaintiff an equal amount in double damages/liquidated damages; and

I. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

J. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 12/3/15

Respectfully submitted,

_____
Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005

8

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA.

CASE NO:

**TAYLIN RIOS,**

    Plaintiff,

v.

**CORAL GABLES GLASS & MIRROR CORPORATION,**
a Florida Profit Corporation,
**ANIBAL C. GARCIA,** individually
and **LOURDES GARCIA,** individually

    Defendant(s).
_____/

**SUMMONS IN A CIVIL CASE**

TO:  CORAL GABLES GLASS & MIRROR CORPORATION
     through its Registered Agent

        ANIBAL C. GARCIA
        4820 S.W. 72 AVE
        MIAMI FLORIDA 33155

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        ANTHONY M. GEORGES-PIERRE, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                                                   DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA.

CASE NO:

**TAYLIN RIOS,**

    Plaintiff,

v.

**CORAL GABLES GLASS & MIRROR CORPORATION,**
a Florida Profit Corporation,
**ANIBAL C. GARCIA,** individually
and **LOURDES GARCIA,** individually

    Defendant(s).

_____/

### SUMMONS IN A CIVIL CASE

**TO:**                    through its Registered Agent

        ANIBAL C. GARCIA
        4820 SW 72 AVE
        MIAMI FLORIDA 33155

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        ANTHONY M. GEORGES-PIERRE, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____    _____
**CLERK**                                               **DATE**

_____
**(BY) DEPUTY CLERK**

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA.

CASE NO:

**TAYLIN RIOS,**

    Plaintiff,

v.

**CORAL GABLES GLASS & MIRROR CORPORATION,**
a Florida Profit Corporation,
**ANIBAL C. GARCIA,** individually
and **LOURDES GARCIA,** individually

    Defendant(s).

_____/

## SUMMONS IN A CIVIL CASE

**TO:**      through its Registered Agent

    LOURDES GARCIA
    4820 SW 72 AVE
    MIAMI FLORIDA 33155

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    ANTHONY M. GEORGES-PIERRE, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                                  DATE

_____
(BY) DEPUTY CLERK