UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:15-cv-24458-JAL

**TAYLIN RIOS,**

    Plaintiff,

v.

**CORAL GABLES GLASS & MIRROR CORPORATION,**
a Florida Profit Corporation,
**ANIBAL C. GARCIA,** individually
and **LOURDES GARCIA,** individually

    Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND STIPULATED DISMISSAL WITH PREJUDICE

The Parties, by and through undersigned counsel, file this Joint Motion for Approval of the Parties' Settlement Agreement and Stipulated Dismissal with Prejudice, and respectfully state as follows:

Plaintiff filed a lawsuit against Defendants, alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA"), by failing to properly compensate Plaintiff for overtime, \. Defendants deny Plaintiff's allegations.

The parties, however, have negotiated a settlement in this FLSA action. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor. Accordingly, the settlement agreement that is attached hereto as Exhibit "A," is contingent on this Court's approval.

Based upon the defenses, Plaintiff potentially may not have recovered anything had this litigation continued, her recovery could be less than what is claimed in the Complaint and the Statement of Claim, or she may have owed a cost judgment to the Defendants. Similarly, the Defendants may potentially fail on all defenses and be indebted to Plaintiff for a Judgment, in part or in whole, and potentially including liquidated damages and attorney's fees. Consequently, the parties recognize the inherent uncertainty in proceeding with this action, the investiture of additional time to continue to litigate this case, the preoccupation of litigation and an additional expenditure of fees and costs that will accrue, the parties have agreed to a settlement amount.

The parties are satisfied, when considering the aforementioned issues, that the Agreement fairly resolves the dispute between them in the instant action. "If the compromise is fair and reasonable to the employee and furthers the implementation of FLSA rights in the workplace, the court should approve the compromise." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010). The parties stipulate to the dismissal with prejudice of the instant action upon such court approval. Accordingly, the parties request that the Court approve the Settlement Agreement as a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Lynn's Food Stores, Inc.* at 1354.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement; (2) dismissing this action with prejudice pursuant to the parties stipulated settlement and dismissal; and (3) retaining jurisdiction over enforcement of the settlement.

Dated: March 2, 2016

| /s/ Rainier Regueiro<br>Anthony M. Georges-Pierre, Esq.<br>Florida Bar No. 533637<br>Rainier Regueiro, Esq.<br>Florida Bar No. 115578<br>REMER & GEORGES-PIERRE, PLLC<br>44 West Flagler St., Suite 2200<br>Miami, FL 33130<br>Tel: 305-416-5000<br>Fax: 305-416-5005 | /s/ Ena T. Diaz<br>Ena T. Diaz, Esq.<br>Florida Bar No. 0090999<br>Ena T. Diaz, P.A.<br>*Attorney for the Defendants*<br>999 Ponce De Leon Blvd., Suite 720<br>Coral Gables, FL 33134<br>Tel: 305-377-8828<br>Fax: 305-356-1311<br>ediaz@enadiazlaw.com |
|---|---|